RHESA HAWKINS BARKSDALE, Circuit Judge, specially concurring:
I concur in all but the statement that the Batson issue is “a close one”. The colloquy quoted in footnote 6 of the opinion reflects that, in response to Montgomery’s assertion that “[t]he rest of the panel is predominantly white” (emphasis added), the Government noted other minorities were not struck from the panel. Of course, the Government’s decision not to peremptorily strike other minorities on the venire is not dispositive of the Batson claim. Nevertheless, it supports the district court’s credibility determination, because it tends to negate an inference of purposeful discrimination against juror 206 because of her race. See United States v. Mixon, 977 F.2d 921, 922-23 (5th Cir.1992).
Montgomery claims he was convicted by an “all-white” jury, and that juror number 206 was the only black person on the panel who had a realistic chance of serving on the jury. But, Montgomery did not include in the record any evidence from which we can determine the ethnicity or race of the venire. The Government offered a race-neutral explanation for the strike, which the district court found credible. Montgomery has not shown that credibility determination to be clearly erroneous.
The issue is not “close” merely because the Government asked juror number 206 only one question and did not strike a white female who was asked the same question and gave a similar answer. At issue is neither the manner nor the extent of questioning the potential juror. Obviously, numerous considerations and sources of information came into play.
Instead, at issue is the district court’s credibility determination. The opinion relies, correctly, on the “district court’s unique perspective” for making that call. In sum, there is no basis for viewing, or characterizing, the issue as “close”. To do so is confusing at best, and, at worst, may cause delaying, wasteful, or other unneces *456 sary measures by the Government and district courts.